**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**William C. JOHNSON, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1981.

Discretionary Review Denied
May 19, 1981.

Steven L. Beshear, Atty. Gen., John H. Gray, Asst. Atty. Gen., Frankfort, for appellant.

E. Douglas Miller, Swinford & Sims, Cynthiana, for appellee.

Before HAYES, C. J., and WHITE and GANT, JJ.

WHITE, Judge.

The question presented on this appeal is can a defendant out on a work-release order be charged with the felony of escape under KRS 520.030 when he has been in jail charged with misdemeanors? The lower court held he could only be charged with a misdemeanor (KRS 520.040) rather than a felony.

The Commonwealth argues that it doesn't matter what a defendant is charged with, that the statute provides for a felony (escape in the second degree) if there is escape from a detention facility or failure to return to the facility. We agree.

"Escape" is defined in KRS 520.010(5) as "departure from custody or the detention facility in which a person is held or detained with knowledge that such departure is unpermitted, or *failure to return to custody or detention following a temporary leave granted for a specific purpose or for a limited period.*" (Emphasis added.)

KRS Chapter 520 clearly delineates the three classifications of escape. The provisions are not ambiguous or uncertain. The penalty imposed is most severe on those who effect this escape by *force* or *threat of force* whether it be from custody (arrest) or detention (incarceration). It is less severe when escape is effected by a means without force if it is from detention (incarceration) or if a felon escapes from custody (arrest). It is least severe when the escape is effected from custody (arrest) alone by one not a felon or not charged with a felony.

Here we have a person who is an escapee by definition of KRS 520.010(5) from a detention facility without force or threat of force. Though it may be argued he is not a felon or is not charged with a felony and thus fits into the third category of custody alone, we are still confronted with the fact that his escape was not from custody alone but from a detention facility as is clearly designated in the second category.

We hold that KRS 520.030 does so apply to this precise factual situation and that the lower court erred in reducing the charge to a misdemeanor. The order and judgment of the Bourbon Circuit Court is reversed and remanded with instructions to reinstate the indictment.

All concur.